Alfred W. MARTINEZ, Plaintiff,

v.

Donald R. EVANS, Defendant.

Civ. A. No. 77-K-978.

United States District Court,
D. Colorado.

Feb. 9, 1978.

Alfred W. Martinez, pro se.

David R. Brougham, Denver, Colo., for defendant.

## ORDER DISMISSING COMPLAINT

KANE, District Judge.

This is an action under 42 U.S.C. § 1983 by an inmate at the Colorado State Penitentiary in Canon City, Colorado, who alleges violations of his rights under the Eighth

Amendment to the Constitution of the United States by prison officials at the Colorado State Penitentiary for requiring inmates to visit with friends and relatives over telephones installed at the facility. The plaintiff alleges that he contracted an infectious boil in his ear which was caused by his use of this telephone system. He further claims that this infection has caused him to suffer a noted loss of hearing as well as undue mental and physical anguish. Jurisdiction of this court exists under 28 U.S.C. § 1343(3).

The complaint in this matter was filed on October 26, 1977. On November 14, 1977 the defendant filed a motion to dismiss, stating that the complaint failed to assert a claim cognizable under the Civil Rights Act. A response was filed on November 28, 1977 and the matter is now ready for disposition.

Federal court deference to administrative officials in the management of penal institutions has been recognized in the absence of deprivations which represent constitutional abuses. *Procunier v. Martinez*, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir. 1976); *Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969). This deference policy extends to the discipline, treatment, and care of those confined so long as the conduct of prison officials is not

> of such a character as to shock general conscience or to be intolerable to fundamental fairness to the extent that the constitutional right to be free from cruel and unusual punishment [was] is violated. 417 F.2d at 507; *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976).

This standard has been embraced by the Tenth Circuit as "expressive of modern concepts of humane treatment in our social order." 545 F.2d at 1263.

In support of his contention that the newly instituted telephone system constitutes cruel and unusual punishment, plaintiff asserts that it has been established by the American Medical Association that long periods of time on a telephone can cause a staphylococcus infection within the ear. He further submits that this can cause loss of hearing and possibly death. Plaintiff Martinez documented this finding by attaching to his complaint an article published in the *World of Medicine* (citations omitted) entitled "Talk your ear off?". According to this article, the disorder, dubbed "telephoner's ear," comes about from keeping the receiver clamped over the ear for long periods of time. We are in no position to question the expertise or criticize the findings of the American Medical Association, and in no manner attempt to do so. However, we are confident that plaintiff's reliance on these findings in support of his allegation of cruel and unusual punishment is misplaced. If the interpretation offered by the plaintiff is accepted, namely, that visiting over the telephone in the visiting room at the Colorado State Penitentiary is subjecting him to a probable loss of hearing and even death, then there is no doubt that the teenager is an endangered species.

Plaintiff Martinez has made no allegation that the medical treatment he received was in any way lacking or inadequate. In fact, the plaintiff points out that he was given medical attention everyday for five days, during which antibiotics and sleeping pills were administered. No rational argument can be made in support of Martinez's claim that the circumstances here amount to cruel and unusual punishment as that constitutional protection has been defined by the Tenth Circuit. *See Bethea v. Crouse*, 417 F.2d 504 (10th Cir. 1969); *Bennett v. Passic*, 545 F.2d 1260 (10th Cir. 1976).

Accordingly, it is

ORDERED that the defendant's motion to dismiss is granted and the complaint and civil action are dismissed for failure to state a claim upon which relief can be granted.